1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SENTRY INSURANCE, et al., | 2:13-CV-169 JCM (GWF) |
| Plaintiff(s), | |
| v. | |
| ESTRELLA INSURANCE SERVICE, INC., et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is defendants Estrella Insurance Service, Inc. et al.'s motion to dismiss plaintiffs Sentry Insurance et al.'s trade libel claim.  (Doc. # 27). Plaintiffs responded (doc. # 30), and defendants replied (doc. # 31).

**I.      Background**

On or about August 7, 2012, plaintiffs and defendant Estrella entered into a producer agreement.  Between August 7, 2012, and December 31, 2012, there were approximately 1,200 automobile or motorcycle insurance policies underwritten by plaintiffs that were issued through and serviced by Estrella.

Plaintiffs allege that in about late 2012 defendants sold information and documents pertaining to plaintiffs' policies and insureds to Access Insurance Agency of Nevada.  On January 10, 2013, plaintiffs terminated the producer agreement with Estrella.

**James C. Mahan**
**U.S. District Judge**

1   In or about January through February 2013, plaintiffs authorized other insurance agencies to
2   replace Estrella to service their accounts. Plaintiffs allege that when these replacement insurance
3   agencies contacted plaintiffs' insureds, the insureds stated that they were told by Estrella
4   representatives that "Sentry Plaintiffs and/or insurance agencies whom Sentry Plaintiffs had assigned
5   their policies to were frauds and/or thieves." (Doc. # 24).

6   On March 18, 2013, plaintiffs filed an amended complaint alleging seven claims for relief;
7   this motion concerns the seventh claim of relief–trade libel. Defendants bring the instant motion on
8   the basis that controlling precedent does not enable plaintiffs to proceed with this claim as it is
9   currently pleaded.  Defendants argue that the plaintiffs present the elements of a defamation *per se*
10  claim, but that the appropriate claim is business disparagement because the alleged statements
11  disparage the business as a whole.  (Doc. # 27).  Defendants further argue that plaintiffs' business
12  disparagement claim fails because plaintiffs have not established malice or special damages.

13  **II.    Legal standard**

14  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can
15  be granted."  FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain
16  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*
17  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual
18  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements
19  of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

20  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S.
21  at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to
22  "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

23  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when
24  considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations
25  in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950.
26  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
27  suffice.  *Id.* at 1949.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Second, the court must consider whether the factual allegations in the complaint allege a

2    plausible claim for relief.  *Id.* at 1950.  A claim is facially plausible when the plaintiff's complaint

3    alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the

4    alleged misconduct.  *Id.* at 1949.

5    Where the complaint does not permit the court to infer more than the mere possibility of

6    misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.*

7    (internal quotations omitted).  When the allegations in a complaint have not crossed the line from

8    conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

9    The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

10   1216 (9th Cir. 2011).  The *Starr* court stated, "First, to be entitled to the presumption of truth,

11   allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

12   but must contain sufficient allegations of underlying facts to give fair notice and to enable the

13   opposing party to defend itself effectively. Second, the factual allegations that are taken as true must

14   plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

15   be subjected to the expense of discovery and continued litigation." *Id.*

16   **III.    Discussion**

17   Defendants argue that plaintiffs' claim for trade libel should be dismissed because it does not

18   set forth a plausible claim.[1]  Essentially defendants contend that business disparagement is the

19   correct claim and that plaintiffs fail to allege malice or special damages required to establish this

20   claim.

21   Plaintiffs retort that their allegation that defendants told plaintiffs' insureds that plaintiffs and

22   their authorized insurance agencies "were 'frauds and/or thieves' is a defamatory statement that is

23   not aimed at the goods and services of the business" (doc. # 30, 17:20-24), and therefore is not a

24   claim for business disparagement.

25   _____

26   [1]First, defendants argue that plaintiffs' trade libel claim pleaded the elements of a defamation *per se* claim The
     fact that plaintiffs originally labeled the claim as trade libel instead of defamation *per se* is not relevant to the discussion

27   because plaintiffs concede the claim should have been labeled defamation *per se*, and "a complaint need not identify the
     statutory or constitutional source of the claim raised in order to survive a motion to dismiss." *Alvarez v. Hill*, 518 F.3d

28   1152, 1157 (9th Cir. 2008).

James C. Mahan
U.S. District Judge

The Supreme Court of Nevada has differentiated between defamation *per se* and business disparagement. *Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.,* 213 P.3d 496, 504 (Nev. 2009). Statements accusing an individual of personal misconduct in his or her business or attacking the individual's business reputation may be brought as an action for defamation *per se*. *Id.* However, if the statements are directed towards the quality of the individual's product or services, the claim is one for business disparagement. *Id.*

In *Virtual Educ.,* the Clark County School District ("CCSD") reviewed several of Virtual Education's courses because of concerns about their academic rigor. *Id.* at 500. CCSD decided the courses did not meet its standards, and in a letter sent to Virtual Education's vice president, stated that "some of the courses can be completed in three to five hours," "tests can be successfully passed without reading the material," that there is "no safeguard to determine that the candidate is the one who actually takes the tests," and the courses did "not require the analysis, synthesis and application levels usually required for graduate coursework." *Id.* These statements attacked a product the business offered, and the Nevada Supreme Court held that business disparagement was the appropriate claim. *Id.* at 504.

Similarly, in *Aegis Council, LLC v. Maldonado,* a business disparagement claim was found where defendants allegedly posted on RipoffReport.com that a service the plaintiff offered was a "tax avoidance scam." 2011 U.S. Dist. LEXIS 36572, at *1 (D. Nev. Mar. 30, 2011). This statement was directed at the service offered.

Here, this case is distinguished from *Virtual Educ.* and *Aegis* because the alleged statements do not attack plaintiffs' goods or services. Unlike in *Virtual Educ.,* plaintiffs aren't alleging defendants made statements that attacked a product they offered. The allegation that the defendants called plaintiffs "frauds and/or thieves" is not an attack on a product, but an attack on individual businesses' reputations and their employees' reputations.

This case is also dissimilar from *Aegis Council,* because here the alleged statements are not calling plaintiffs' service a "scam"; instead, the statements are referring specifically to plaintiffs as "frauds and/or thieves." These statements implicate an attack on individuals' reputations and

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   individuals' lack of fitness for trade, business, or profession–not an attack on a product or service.

2   Thus, defamation *per se* is the appropriate claim here.

3          While the Nevada Supreme Court has not "clearly stated whether a corporation or other

4   business entity can proceed on a theory of defamation per se where communications concern the

5   business's product or injure the business's reputation," *Virtual Educ.,* 213 P.3d at 504, this court

6   anticipates that the Nevada Supreme Court would find this claim viable here.[2]

7          Additionally, the court acknowledges that a negligence *per se* claim only requires allegations

8   of negligence and presumed damages; however, plaintiff is "the master of the complaint," *Holmes*

9   *Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 122 S. Ct. 1889, 1894 (2002); and here plaintiffs

10  have sufficiently alleged a negligence *per se* claim.

11  **IV.    Conclusion**

12         Accordingly,

13         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Estrella

14  Insurance Service, Inc. et al.'s motion to dismiss (doc. # 27) be, and the same hereby is, DENIED.

15         DATED June 13, 2013.

16

17  _____
    **UNITED STATES DISTRICT JUDGE**

18

19

20

21

22

23

24

25

26         [2] "When a decision turns on applicable state law, and the state's highest court has not adjudicated the issue, the

27  . . . [federal] court must make a reasonable determination, based upon such recognized sources as statutes, treatises,
    restatements and published opinions, as to the result that the highest state court would reach if it were deciding the case."

28  *Molsbergen v. U.S.*, 757 F.2d 1016, 1020 (9th Cir. 1985).